Berwin vs. Weiss.

No. 6189.

## M. BERWIN VS. B. WEISS ET AL.

The question in this case is: Assuming that the wife of Weiss ever had a mortgage on her husband's property, did the mortgage cease absolutely to exist by the failure to inscribe it prior to the first of January, 1870, or was it always alive, but only not operative until it was inscribed?

The mortgage must not be confounded with the inscription. The mortgage is the right which is granted to the creditor over the property of the debtor for the security of his debt. The inscription thereof is the notice which is required in order to preserve the rights of the mortgagee against third parties. As regards its effect on the property of the debtor, there is no difference between a conventional and a legal mortgage. It has always been necessary to record a conventional mortgage; but until the adoption of the constitution of 1868 it was not necessary to record a legal mortgage.

The article 123 of the constitution recognized the existence of tacit mortgages, and did not prohibit them in the future. It designated how their existence, to affect third persons, should be made to appear. It also provided when those tacit mortgages which were in existence at the time of its adoption should cease to affect third parties, unless the formalities to show their existence had been complied with.

Tacit mortgages must therefore be considered in the same light that conventional mortgages are, and are to be governed by the same rules. Under these rules the mortgage only took effect from and after its inscription. But from that time it was superior to all mortgages which came after it. In this case the mortgage of the wife was recorded before the plaintiff's mortgage. It, therefore, has precedence over it.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. Jury trial. *R. J. Bowman*, for plaintiff and appellant. *M. Ryan*, *W. F. Blackman*, and *R. P. Hunter*, curator *ad hoc*, for Mrs. Mary Weiss, defendant and appellee. *W. W. Whittington*, curator *ad hoc*, for Benjamin Weiss, defendant and appellee.

MORGAN, J. Plaintiff seeks to recover from the defendant, B. Weiss, four thousand dollars, and to cause certain property to be subjected to the mortgage which was given to secure the debt.

He also seeks to have annulled as simulated a judgment rendered in favor of Mrs. Weiss, the co-defendant, against her husband, in which she was recognized as his creditor for a considerable sum, and under which judgment the property now sought to be made liable for the plaintiff's claim was sold and purchased by her.

The interest in the case lies between the plaintiff and Mrs. Weiss.

On the thirtieth of September, 1870, B. Weiss drew up a statement, which he swore to, in which he acknowledged that in the year 1866 he married Miss Mary Myer, in Philadelphia; that at the time of his marriage he was a resident of the parish of Rapides ; that since his marriage he had received, on account of his wife, in cash and available assets, the sum of three thousand dollars, being paraphernal funds belonging to her and derived from her inheritance as one of the heirs of her deceased father, which amount he had used in his mercantile business. He thereupon acknowledged himself indebted unto his wife in the sum of three

thousand dollars, and caused his declaration to be recorded in the office of the recorder of mortgages for the parish of Rapides on the date of the acknowledgment.

Plaintiff contends that this claim, if it ever had any legal existence (which he denies), is not secured by mortgage because it was not recorded prior to the first of January, 1870, and he invokes the one hundred and twenty-third article of the constitution, which provides that "the General Assembly shall provide for the protection of the rights of married women to their dotal and paraphernal property, and for the registration of the same; but no mortgage or privilege shall hereafter affect third parties unless recorded in the parish where the property to be affected is situated. The tacit mortgages and privileges now existing in this State shall cease to have effect against third persons after the first day of January, 1870, unless duly recorded. The General Assembly shall provide by law for the registration of all mortgages and privileges."

The acknowledgment of Weiss's indebtedness to his wife was not recorded until the thirtieth of September, 1870. "Therefore," plaintiff says, "Mrs. Weiss's mortgage, if she ever had any, ceased to have any effect against third persons before it was recorded, and was consequently extinct."

Plaintiff's mortgage was recorded after the thirtieth of September, 1870.

Mrs. Weiss admits that the failure of her husband to record her mortgage prior to the first of January, 1870, was fatal so far as preserving the rank of the mortgage against third persons who had acquired rights to or on the property of her husband, but she says that her mortgage did not, from that fact, cease to exist. She admits that it lost its rank, but that it took effect on his property from the date of its inscription.

The question, therefore, which we have to decide is this: Assuming that the wife ever had a mortghge on her husband's property, did the mortgage cease absolutely to exist by the failure to inscribe it prior to the first of January, 1870, or was it always alive, but only not operative until it was inscribed?

The mortgage must not be confounded with the inscription. The mortgage is the right which is granted to the creditor over the property of the debtor for the security of his debt. The inscription thereof is the notice which is required in order to preserve the rights of the mortgagee against third parties.

As regards its effect upon the property of the debtor, there is no difference between a conventional and a legal mortgage. It has always been necessary to record a conventional mortgage, but until the adoption of the constitution of 1868 it was not necessary to record a legal mortgage.

The article 123 of the constitution recognized the existence of tacit

Berwin vs. Weiss.

mortgages, and did not prohibit them in the future. It designated how their existence, to affect third persons, should be made to appear. It also provided when those tacit mortgages which were in existence at the time of its adoption should cease to affect third parties, unless the formalities required to show their existence had been complied with. They must, therefore, be considered in the same light that conventional mortgages are, and are to be governed by the same rules. Under these rules the mortgage only took effect from and after its inscription. But from that time it was superior to all mortgages which came after it. In this case the mortgage of the wife was recorded before the plaintiff's mortgage. It, therefore, has precedence over it.

The next question is whether the wife's mortgage was a reality, or was it a mere simulation?

The testimony, in our opinion, shows that Weiss did receive some three thousand dollars from his wife, which belonged to her, and for the restoration of which she was entitled to judgment. And this evidence is to be found in this suit, and independent of the testimony taken in the proceedings under which she had her judgment.

This opinion renders it unnecessary to consider the several bills of exception in the record.

Judgment affirmed.

Rehearing refused.